UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

FARMCO, INC. ET AL.                                    CIVIL ACTION

VERSUS

SID J. GAUTREAUX, III, SHERIFF            NO. 12-cv-00457-BAJ-RLB
AND EX-OFFICIO TAX COLLECTOR
FOR THE PARISH OF EAST BATON
ROUGE, ET AL.

## RULING AND ORDER

Before the Court is Defendant Octave Anthaume's ("Anthaume") **MOTION TO DISMISS (Doc. 16),** seeking an order dismissing Plaintiffs' Amended Complaint with prejudice pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6), (*id.* at p. 3).[1]  Plaintiffs oppose Anthaume's Motion (Doc. 17).[2]  Anthaume has been allowed to file a reply to Plaintiffs' opposition. (Doc. 23).  Oral argument is not necessary.  The Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 1367.

## I.   BACKGROUND

Plaintiffs' Amended Complaint is far from clear.[3]  Nevertheless, the Court is able to glean the following:  Plaintiffs Farmco, Inc. ("Farmco") and Thompson Realty

---

[1] Until recently, co-Defendant Sheriff Sid Gautreaux, III joined in Anthaume's Motion to Dismiss. (*See* Doc. 16).  However, on March 16, 2014, Plaintiffs filed a Notice of Voluntary Dismissal requesting that the Court dismiss their claims against Gautreaux and certain other Defendants. (Doc. 57 at p. 1).  This Notice further indicated that "[Plaintiffs] have no intention of re-filing suit on [these] same claims/demands against [these] same defendants." (*Id.*).  Accordingly, the Court dismissed Plaintiffs' claims against Gautreaux and the other specified Defendants with prejudice, leaving Anthaume as the only remaining movant to the instant Motion. (Doc. 59 at p. 1; *see* Doc. 16).

[2] "Plaintiffs" are Farmco, Inc. and Thompson Realty Investment Company.

[3] Plaintiffs' Amended Complaint might charitably be described as a "shotgun pleading."  A shotgun pleading is characterized by factually unsupported claims and frequently fails to specify which defendant is responsible for each act alleged.  *See Strategic Income Fund, L.L.C. v. Spear, Leeds &*

Investment Company ("Thompson Realty") are in the real estate investment business. (*See* Doc. 13 at ¶ 2–3).  In 2004, Plaintiffs began purchasing hundreds of "tax sale certificates" or "tax deeds" from the East Baton Rouge Sheriff's Office at that Office's annual sale of delinquent-tax properties.  (*Id.* at ¶ 2).  By their own admission, Plaintiffs failed to pay the 2007 ad valorem taxes for many of the properties they purchased.  (Doc. 13 at ¶ 3).  As a result, "a few hundred of these properties were subsequently sold to third parties or adjudicated to the Parish of East Baton Rouge for unpaid taxes in June, 2008 and in June, 2009."  (*Id.* at ¶ 3).

According to Plaintiffs, they "had three years from the dates of the recordation of the 'tax sale certificates' in favor of third party purchasers in June, 2008 to redeem those tax sale properties."  (*Id.* at ¶ 4).  Plaintiffs allege, however, that since that time, Defendant Octave Anthaume—"Tax Director and supervisor of the Deputy Sheriffs," (*id.* at ¶ 9)—and others have deprived them of their constitutional right to due process by, *inter alia*, preventing them from redeeming their properties and/or causing them to pay additional costs in order to redeem their properties.  (Doc. 13, ¶¶ 1–10).

On June 27, 2012, Plaintiffs sued Anthaume and others in the 19th Judicial District Court, Parish of East Baton Rouge, Louisiana.  (Doc. 1-1).  Defendants

---

*Kellogg Corp.*, 305 F.3d 1293, 1295–96 (11th Cir. 2002); *Beckwith v. Bellsouth Telecommunications Inc.*, 146 F. App'x 368, 371 (11th Cir. 2005) ("The failure to identify claims with sufficient clarity to enable the defendant to frame a responsive pleading constitutes a 'shotgun pleading.'").  Thus, with a shotgun pleading "it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." *Anderson v. Dist. Bd. of Trustees of Cent. Florida Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996).  As a result "[s]hotgun pleadings delay cases by wasting scarce judicial and parajudicial resources." *Starship Enterprises of Atlanta, Inc. v. Coweta Cnty., Ga.*, 708 F.3d 1243, 1251 (11th Cir. 2013) (alterations omitted)); *see Kelly v. Huzella*, 71 F.3d 878 (5th Cir. 1995) (recognizing "shotgun pleading[s]" as "frivolous").

removed Plaintiffs' state court petition to this Court, (Doc. 1), and moved for dismissal pursuant to Rule 12(b)(6). (Doc. 7). The Court granted in part and denied in part Defendants' initial motion to dismiss, [4] and, further, granted Plaintiffs leave to amend their complaint to properly state a cause of action. (Doc. 12 at pp. 7–8). Plaintiffs filed their Amended Complaint on April 1, 2013, (Doc. 13), which again alleged that Anthaume's actions amounted to various constitutional and state law violations, (*id.* at ¶¶ 1, 15, 25, 46–47). Two weeks later, Anthaume filed the Motion to Dismiss that is the subject of this Order. (Doc. 16).[5]  Oral argument is not necessary.

## II.   STANDARD OF REVIEW

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint against the legal standard set forth in Rule 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

---

[4] Specifically, the Court dismissed the East Baton Rouge Sheriff's Office as a Defendant.

[5] Before proceeding, the Court observes two additional procedural matters. First, Plaintiffs' Amended Complaint does *not* incorporate or reference the original state court petition. Therefore, Plaintiffs' Amended Complaint supersedes the original petition. *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994) (holding that an amended complaint supersedes an original complaint "unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading"). Accordingly, this Court's analysis is limited to the factual allegations contained within the four-corners of the Amended Complaint. *See Stewart v. City of Houston Police Dep't*, 372 F. App'x 475, 478 (5th Cir. 2010) (citing *King*, 31 F.3d at 346).

Second, on October 28, 2013, Plaintiffs were allowed to file a Second Amended Complaint, adding Columbia Casualty Company as a Defendant. (*See* Doc. 49 at ¶ 2). Apart from the addition of Columbia Casualty Company, Plaintiffs' Second Amended Complaint is identical to their Amended Complaint. (*Compare* Doc. 13 (Amended Complaint), *with* Doc. 49 (Second Amended Complaint)). Thus, the arguments advanced in Anthaume's Motion to Dismiss are not impacted by Plaintiffs' Second Amended Complaint.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.* at 679.  "[F]acial plausibility" exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* at 678 (citing *Twombly*, 550 U.S. at 556).  Hence, the complaint need not set out "detailed factual allegations," but something "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action" is required.  *Twombly*, 550 U.S. at 555.  When conducting its inquiry, the Court must "accept[] all well-pleaded facts as true and view[] those facts in the light most favorable to the plaintiff."  *Bustos v. Martini Club Inc.*, 599 F.3d 458, 461 (5th Cir. 2010) (quotation marks omitted).

Further, the Supreme Court has noted that Rule 12(b)(6) requires dismissal whenever a claim is based on an invalid legal theory:

> Nothing in Rule 12(b)(6) confines its sweep to claims of law which are obviously insupportable.  On the contrary, if as a matter of law it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations, . . . a claim must be dismissed, without regard to whether it is based on an outlandish legal theory, or on a close but ultimately unavailing one.

*Neitzke v. Williams*, 490 U.S. 319, 327 (1989) (quotation marks and internal citations omitted).  When a complaint fails to satisfy these principles, "this basic deficiency should be exposed at the point of minimum expenditure of time and

money by the parties and the court." *Cuvillier v. Sullivan*, 503 F.3d 397, 401 (5th Cir. 2007) (quotation marks and alterations omitted).

## III.   ANALYSIS

Plaintiffs' Amended Complaint alleges violations of federal and state law. First, the Court will assess whether Plaintiffs' federal claim survives Anthaume's Motion to Dismiss.

### 1.  Alleged Constitutional Violations

As best the Court can tell, Plaintiffs' Amended Complaint alleges that Anthaume, acting "in his individual capacity," violated 42 U.S.C. § 1983[6] by depriving Plaintiffs' of their right to redeem their property without due process of law.[7] (*See* Doc. 13 at p. 15; *see also id.* at ¶¶ 1, 15–16). In his Motion to Dismiss, Anthaume asserts that Plaintiffs have, yet again, "failed to state a claim upon which relief can be granted." (Doc. 16 at p. 2). Additionally, Anthaume contends that even if Plaintiffs have managed to make out a claim, he is nonetheless "entitled to qualified immunity" as to any such claim. (*Id.*).

---

[6] "Section 1983 imposes liability on anyone who, under color of state law, deprives a person of any rights, privileges, or immunities secured by the Constitution and laws." *Blessing v. Freestone*, 520 U.S. 329, 340 (1997) (quotation marks omitted).

[7] Plaintiffs' allege that their claims are "brought pursuant to the Fifth and Fourteenth Amendments to the Constitution of the United States of America, [and] 42 U.S.C. Section 1983." (Doc. 13 at ¶ 1). However, Plaintiffs do not clearly allege the specific constitutional rights that were violated by Defendants. (*See id.*). Nevertheless, based on scattered allegations set forth later in the Amended Complaint, the Court construes Plaintiffs' claim as a due process challenge to Anthaume's conduct in connection with the property redemption process. (*See id.* at ¶¶ 15–16).

      a.  *Whether Plaintiffs' "individual capacity" claim satisfies the* Iqbal/Twombly *Standard*

"To state a claim under § 1983, a plaintiff must allege facts showing that [1] a person, acting under color of state law, [2] deprived the plaintiff of a right, privilege or immunity secured by the United States Constitution or the laws of the United States." *Bryant v. Military Dep't of Miss.*, 597 F.3d 678, 686 (5th Cir. 2010).

"A person acts under color of state law if he engages in the misuse of power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Id.* (quotation marks and alterations omitted). Here, Plaintiffs' Amended Complaint easily satisfies the "acting under color of state law" requirement for stating a § 1983 claim. Plaintiffs' Complaint alleges Anthaume deprived them of their right to due process by failing to allow Plaintiffs an adequate opportunity to redeem their properties. (Doc. 13 at ¶¶ 12–15). Quite clearly, these actions were "made possible only because [Anthaume was] clothed with the authority of state law." *See Bryant*, 597 F.3d at 686.

Whether Plaintiffs' Amended Complaint states sufficient factual material to make out a plausible Constitutional violation is another matter. Here, Plaintiffs assert that Anthaume's actions "resulted in [Plaintiffs'] loss of . . . property in violation of the Fifth and Fourteenth Amendments to the Constitution of the United States." (Doc. 13 at ¶ 15). The Court interprets this allegation as a claim that Anthaume violated Plaintiffs right to procedural due process. *See Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 125 (1992) ("The most familiar office of [the Due Process] Clause is to provide a guarantee of fair procedure in connection with any

6

deprivation of life, liberty, or property by a State."). To prevail on a procedural due process claim, a plaintiff must demonstrate that a state actor "deprived [him] of a protected interest," and must then show that "the state procedures available for challenging the deprivation satisfy the requirements of due process." *Augustine v. Doe*, 740 F.2d 322, 327 (5th Cir. 1984). When, as here, a plaintiff is allegedly deprived of his "property," the Court must typically look to state law to determine whether the affected interest *is*, in fact, "property." *See Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 538 (1985) ("Property interests are not created by the Constitution, they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law." (quotation marks and alterations omitted)).

Although Plaintiffs' Amended Complaint suffers for want of organization, it is quite clear to the Court that Plaintiffs do *not* allege that their due process rights were violated by Anthaume's role in the tax sale of their properties. (Doc. 13 at ¶¶ 2, 9, 13–16). Indeed, Plaintiffs' candidly acknowledge that they failed to "pay the 2007 ad valorem tax," which resulted in their properties being "sold to third parties or adjudicated to the Parish of East Baton Rouge for unpaid taxes." (*Id.* at ¶ 3). Instead, Plaintiffs allege that Anthaume's actions resulted in the loss of their "*[right] to complete the redemption process*." (*See id.* at ¶ 14 (emphasis added); *see also id.* at ¶ 12 (alleging that "[Defendants] asserted, in bad faith, that [Plaintiffs'] had lost [their] right to redeem those properties . . . .")). Louisiana law is quite clear, however, that individuals in Plaintiffs' position have no such "property right"

in the redemption process. *See Hamilton v. Royal Intern. Petroleum Corp.*, 934 So. 2d 25, 33 (La. 2006) (holding that the failure to provide a tax debtor notice and an opportunity to redeem its properties was not a due process violation). Accordingly, Plaintiffs' Amended Complaint fails to state a Fourteenth Amendment due process claim that is "plausible on its face." *Iqbal*, 556 U.S. at 678 (quotation marks omitted).

### b. *Whether Plaintiffs' Amended Complaint is sufficient to overcome Anthaume's qualified immunity defense*

Although the Court determines that Plaintiffs' constitutional claim fails under the traditional Rule 12(b)(6) analysis, an additional note is warranted given Anthaume's invocation of qualified immunity in his Motion to Dismiss. (Doc. 16 at pp. 8–12). The Fifth Circuit has recently clarified that because "[o]ne of the most salient benefits of qualified immunity is protection from pretrial discovery, which is costly, time consuming, and intrusive . . . . in a matter where qualified immunity is alleged [in a motion to dismiss], the district court must . . . find that the plaintiff's pleadings assert facts which, if true, would overcome a qualified immunity defense." *Williams-Boldware v. Denton Cnty., Tex.*, 741 F.3d 635, 643 (5th Cir. 2014). The Court "engage[s] in a two-step analysis to assess a public official's claim of qualified immunity." *Id.* First it "determine[s] whether the plaintiff has made a sufficient showing that the official violated a clearly established constitutional or statutory right. If the answer is in the affirmative, [it must] then ask whether the official's actions were objectively reasonable in light of the clearly established right." *Id.* When conducting this inquiry, "judges of the district courts . . . [are] permitted to

8

exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Pearson v. Callahan*, 555 U.S. 223, 236 (2009).

For reasons explained, the Court finds that Plaintiffs' Amended Complaint fails to make out "a violation of a constitutional right." *Pearson*, 555 U.S. at 232. Thus, Plaintiffs' constitutional claim also fails at the first prong of the qualified immunity analysis. *See id.*; *Williams-Boldware*, 741 F.3d at 643. However, even if the Court *assumes* that Plaintiffs' have sufficiently alleged a constitutional violation, Plaintiffs' claim still fails because Plaintiffs also have not shown that "[Anthaume's] actions were objectively [un]reasonable in light of the clearly established right." *See Williams-Boldware*, 741 F.3d at 643; *Thompson v. Upshur Cnty., Tex.*, 245 F.3d 447, 460 (5th Cir. 2001) ("When assessing the scope of clearly established law for step two, it is necessary to articulate the asserted constitutional right *more specifically*." (emphasis added)). Indeed, Plaintiffs' Amended Complaint suggests exactly the opposite—*i.e.* that Anthaume's actions *were* reasonable given the circumstances because his actions "aided the State of Louisiana, the Parish of East Baton Rouge and the City of Baton Rouge, by freeing up scarce time and scarce resources to perform less complex, less time-consuming and more profitable tax collections involving other tax parties." (*See* Doc. 13 at ¶ 19).

In sum, the Court concludes that Plaintiffs' Amended Complaint fails each prong of Anthaume's qualified immunity defense, and is also subject to dismissal on qualified immunity grounds. *Williams-Boldware*, 741 F.3d at 643.

### 2. Additional Considerations: Dismissal with Prejudice

Plaintiffs have twice been granted leave to amend their Complaint. (*See* Doc. 12; Doc. 48). However, throughout the pendency of this most recent Motion to Dismiss, Plaintiffs urged the sufficiency of their Amended Complaint as to Anthaume, and did *not* seek leave to amend further, despite being put on notice—by Anthaume's Motion to Dismiss—regarding potential deficiencies. In such instances, the Court is within its discretion to dismiss Plaintiffs' constitutional claim with prejudice, *without* first conducting a futility analysis. *See Rosenblatt v. United Way of Greater Houston*, 607 F.3d 413, 419 (5th Cir. 2010). In any event, for all the reasons previously stated, and particularly in light of Plaintiffs' failure to allege a viable property right under Louisiana law, the Court also determines that allowing additional amendment would be futile. *See Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 873 (5th Cir. 2000) ("'[F]utility' in this context, . . . mean[s] that the amended complaint would [still] fail to state a claim upon which relief could be granted."). Accordingly, Plaintiffs' constitutional claim will be dismissed with prejudice.

### 3. Additional Considerations: Remand to State Court

In addition to their ill-begotten Section 1983 due process claim, Plaintiffs allege that Anthaume's actions: violated "parallel provisions found in the Constitution of the State of Louisiana," (Doc. 13 at ¶ 1); and, further, amounted to "fraud" and "negligen[ce]" under Louisiana law, (*id.* at ¶¶ 15, 43, 46). Having dismissed with prejudice Plaintiffs' federal claim against Anthaume, and having

previously dismissed with prejudice *all* federal claims against Defendant Sheriff Sid Gautreaux, the *only* other Defendant charged with violating federal law, (Doc. 59), the Court must now determine whether it should relinquish jurisdiction over Plaintiffs' remaining state law claims. *See Enochs v. Lampasas Cnty.*, 641 F.3d 155, 161 (5th Cir. 2011).

"In determining whether . . . to relinquish jurisdiction over pendent state law claims, [the Court] look[s] to the statutory factors set forth by 28 U.S.C. § 1367(c), and to the common law factors of judicial economy, convenience, fairness, and comity." *Id.* at 158–59. Although "[a] district court has wide discretion in deciding whether it should retain jurisdiction over state law claims once all federal claims have been eliminated," a district court abuses that discretion where "all federal claims [are] deleted at the infancy of the case and the balance of the statutory and common law factors weighs heavily in favor of remand." *See id.* at 161–62.

The statutory factors the Court must consider in deciding whether to dismiss pendant state law claims are: "(1) whether the state claims raise novel or complex issues of state law; (2) whether the state claims substantially predominate over the federal claims; (3) whether the federal claims have been dismissed; and (4) whether there are exceptional circumstances or other compelling reasons for declining jurisdiction." *Id.* at 159 (quoting 28 U.S.C. § 1367(c)). Here, the first three factors favor remand: (1) Plaintiffs' ability to prevail on their redemption-related claims turns on whether the processes employed here were in accordance with Louisiana law; (2) Plaintiffs' redemption-related claims predominated over their federal claims

from the outset—indeed, they provided the basis for their federal due process claim; and (3) all of Plaintiffs' federal claims have, as of now, been dismissed. *Id.* Finally, the fourth factor also favors remand because, as will be explained, "the heavy balance of the common law factors in favor of remand constitutes another compelling reason to decline jurisdiction." *See id.*

The common law factors also favor remand.  First, as to judicial economy, this action is still in its early stages.  To date, few "federal judicial resources, let alone a significant amount of resources, [have] been devoted to the district court's consideration of the [Louisiana] state law claims." *See id.*  Additionally, remand at this stage will not require "either party to duplicate any research, discovery, briefing, hearings, or other trial preparation work." *See id.*  Further, as indicated, this Court lacks "substantial familiarity" with the Louisiana state law claims at this early stage, and its consideration of Anthaume's Motion to Dismiss Plaintiffs' constitutional claim did not require a thorough consideration of the merits of Plaintiffs' redemption-related claims, much less their claims for fraud and negligence. *See id.* at 159–60.  Thus, "[t]he judicial economy factor certainly favors remand." *Id.* at 160.

Second, it is no more or less convenient to try this case in the Nineteenth Judicial District Court, and remand will not cause any financial inconvenience to the parties because they need not duplicate any of their previous efforts or expenses. *See id.*  Third, it is certainly fair to have purely Louisiana state law claims heard in a Louisiana state court, and there is nothing to indicate that either

party will be prejudiced by a remand to the Louisiana state court. *Id.* Finally, "comity demands that the important interests of federalism and comity be respected by federal courts, which are courts of limited jurisdiction and not as well equipped for determinations of state law as are state courts." *Id.* (quotation marks omitted). In sum, "[t]he overall balance of the common law factors weighs heavily in favor of remand." *Id.*

"At bottom, all of the statutory and common law factors weigh in favor of remand, some weighing heavily in favor of remand and others weighing modestly in favor of remand." *Id.* at 160. Thus, the Court declines to exercise jurisdiction over Plaintiffs' remaining state law claims, and will remand this action to the Nineteenth Judicial District Court, Parish of East Baton Rouge. *See* 28 U.S.C. § 1367(c); *Enochs*, 641 F.3d at 161 ("Our general rule is to dismiss state claims when the federal claims to which they are pendent are dismissed." (quotation marks omitted)).

## IV.   CONCLUSION

Accordingly,

**IT IS ORDERED** that Anthaume's **MOTION TO DISMISS (Doc. 16)** is **GRANTED IN PART** and **DENIED IN PART.**  Specifically, Anthaume's Motion is **GRANTED** to the extent that it seeks **DISMISSAL WITH PREJUDICE** of Plaintiff's due process claim under 42 U.S.C. § 1983.

**IT IS FURTHER ORDERED** that this action is **REMANDED** to the Nineteenth Judicial District Court, Parish of East Baton Rouge, Louisiana for consideration of Plaintiffs' remaining state law claims.

Baton Rouge, Louisiana, this ___31ST___ day of March, 2014.

**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**